**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**DOROTHY DAWKINS**                                                                                                         **PLAINTIFF**

**VS.**                                                                **CIVIL ACTION NO. 1:09CV164-SA-JAD**

**HICKMAN FAMILY FARM
CORPORATION**                                                                                                       **DEFENDANT**

<u>ORDER ON
CORPORATION'S STATUS</u>

On June 30, 2009, Plaintiff Dorothy Dawkins filed a Verified Complaint for Dissolution and Temporary and Preliminary Injunctive Relief against Hickman Family Farm Corporation and Perry Hickman, in his capacity as Chairman of the Board of Directors and General Manager of the Corporation. Dawkins alleges that Hickman has caused the Corporation's assets "to be dissipated, lost, alienated, misapplied and wasted to the detriment of the other shareholders and to his primary benefit."

Plaintiff avers that Hickman has allowed the family farm, the Corporation's alleged asset, to fall into disarray, and that the value of the property is diminishing because of the Defendants' failure to maintain it. Plaintiff further alleges that Hickman is transferring shares of the Corporation without authority under the corporate bylaws, which reduces the authority of the remaining shareholders, and that Hickman has unlawfully taken assets for his own personal gain. Plaintiff sought, among other things, to partition the Corporation's major asset, the farm.

The Court held a hearing on Plaintiff's Motion for Preliminary Injunction on October 1, 2009. During the proceeding, Plaintiff raised a new argument: whether the farm property was ever properly transferred to the Corporation. Plaintiff argues that the deeds transferring the property to the Corporation were void because the Corporation's Articles of Incorporation had not yet been filed

with the Secretary of State at the time the deeds were signed. Plaintiff contends that if the deeds were void, then the property was never transferred and passed intestate to the heirs at the time of her father's death on November 7, 1987. If the farm property indeed is not an asset of the Corporation, then the amount in controversy is not satisfied; thus, this Court does not have jurisdiction over the matter. The Court requested that both parties brief the issue, and the Court is now prepared to rule.

*Factual Background*

The farm property at issue is located in Winston County, Mississippi. This property was formerly owned by Tommie Lee Hickman, who had farmed this land most of his life. In an effort to keep the farm property in the family, Hickman and his son, Lee M. Hickman, formed the Hickman Family Farm Corporation. Tommie Lee Hickman and Lee M. Hickman signed the Articles of Incorporation on January 16, 1987. On that same day, Tommie Lee Hickman executed a warranty deed conveying the farm property to the Corporation. Then, between January 16, 1987 and February 12, 1987, each of Tommie Lee Hickman's twelve children signed quitclaim deeds conveying to the Corporation any interest they may have in the property. The Articles of Incorporation and all of the deeds were recorded in the land records of Winston County, Mississippi; however, the Articles of Incorporation were not filed with the Mississippi Secretary of State until March 4, 1988.

*Discussion*

The Corporation contends that even if the Corporation was not a de jure corporation[1] at the time the deeds were signed, it was nevertheless a de facto corporation capable of taking title to the property. A de facto corporation "is an association which actually exists for all practical purposes as a corporate body, but which, because of failure to comply with some provision of the law has no

---

[1] A de jure corporation is one formed in accordance with all applicable laws and recognized as a corporation for liability purposes. BLACKS LAW DICTIONARY 290 (8th ed. 2004).

2

legal right to corporate existence as against a direct attack by the state." Allen v. Thompson, 158 So. 2d 503, 509-10 (Miss. 1963) (quoting 18 C.J.S., Corporations § 93). A de facto corporation exists when there is "(1) a valid law under which a corporation with the powers assumed might be incorporated; (2) a bona fide attempt to organize a corporation under such law; and (3) an actual exercise of corporate powers." Id. at 511(quoting 13 Am. Jur., Corporations, § 49). The effect of de facto corporate status is that the entity "may be ousted in a direct proceeding brought by the state for that purpose . . . but with few exceptions . . . it has a corporate existence . . . against individuals and other corporations . . . ." Id. at 559-60, 158 So. 2d 503 (quoting 18 C.J.S., Corporations § 93).

The Court finds that the Corporation was not a de jure corporation at the time the deeds were signed considering the Articles of Incorporation were not properly filed with the Secretary of State; nevertheless, it was a de facto corporation. At the time, there was a valid law under which the Corporation could be incorporated. See Miss. Code 79-3-1. There was a bona fide attempt to organize a corporation under such law. Specifically, the Articles of Incorporation were executed by Tommie Lee Hickman and Lee Hickman on January 16, 1987, the same day Tommie Lee Hickman conveyed his interest to the Corporation by warranty deed. The shareholders then executed quit claim deeds transferring any interest they had in the farm to "Hickman Family Farm Corporation" between January 16, 1987 and February 12, 1987. The Articles of Incorporation and all of the deeds were recorded in the land records of Winston County, Mississippi. However, the Articles of Incorporation were not filed with the Mississippi Secretary of State until March 4, 1988.

In response, Plaintiff only disputes the final element of a defacto corporation–whether the Corporation engaged in an actual exercise of corporate power. Plaintiff argues that "on the date that the property was purportedly transferred by quitclaim and warranty deed to the Hickman Family

3

Farm Corporation . . . that said entity did not only not legally exist but had not even exercised actual corporate powers on said date." Thus, Plaintiff contends the Corporation did not constitute a de facto corporation. The Court disagrees and finds that the actual exercise of corporate powers was the Corporation's acquisition of the farm property. As evidenced by its Articles of Incorporation, the Corporation was formed "[t]o acquire farm properties and other real estate . . . ." The Corporation's acquisition of the farm property from Tommie Lee Hickman by warranty deed constituted actual exercise of corporation powers.

Further, the Court holds that Plaintiff Dawkins, as grantor of a deed by which the Corporation acquired the property, effectively admitted the legal existence of the Corporation and will not be allowed to deny its corporate existence over twenty years later. Specifically,

> Where a party enters into a contract with a body purporting to be a corporation, and such body is described in the contract by the corporate name which it has assumed, or is otherwise clearly recognized as an existing corporation, such person thereby admits the legal existence of the corporation for the purposes of any action that may be brought to enforce the contract, and in such an action, he or she will not be permitted, by plea of nul tiel corporation or otherwise, to deny the legality of its corporate existence.

CJS Corporations, § 93.

*Conclusion*

Based on the foregoing, the Court finds that even though the Corporation was defectively formed at the time the deeds were signed, it still was a de facto corporation in which title to the farm property passed. Because the farm property is a corporate asset, the Court has jurisdiction as the amount in controversy is over $75,000.00.

The parties are instructed to contact the magistrate judge within ten days of this Order to schedule a case management conference.

4

SO ORDERED, this the 28th day of January, 2010.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**