IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DOROTHY DAWKINS                                                      PLAINTIFF

v.                                                          CAUSE NO. 1:09-CV-164

HICKMAN FAMILY CORPORATION and
PERRY HICKMAN                                                       DEFENDANTS

## MEMORANDUM OPINION

Before the Court is Perry Hickman and Hickman Family Corporation's Motion to Determine Fair Value of Plaintiffs' Shares, to Order Sale of Shares, to Stay Proceedings, and for Entry of a Final Judgment [49]; intervening Plaintiff Virginia Hickman's Motion for Summary Judgment [57]; and intervening Plaintiff Mattie Johnson's Response to Motion for Summary Judgment [60], which the Court is treating as a separate motion for summary judgment. After reviewing these motions, responses, rules, and authorities, the Court finds as follows:

### I. BACKGROUND

On June 30, 2009, Plaintiff Dorothy Dawkins filed a Verified Complaint for Dissolution and Temporary and Preliminary Injunctive Relief against Hickman Family Corporation and Perry Hickman, in his capacity as Chairman of the Board of Directors and General Manager of the Corporation. Dawkins alleges fraudulent conduct on behalf of Perry Hickman and the board of directors, specifically stating that they have caused the Corporation's assets "to be dissipated, lost, alienated, misapplied and wasted to the detriment of the other shareholders and to his primary benefit."

Perry Hickman moved to dismiss the complaint against him in his capacity as Chairman of the Board of Directors and General Manager of the Corporation. This Court granted that

1

motion on October 1, 2009, leaving only the Hickman Family Corporation as a Defendant. Even though Perry Hickman was dismissed as a defendant, he remains a party to this action as he filed a Notice of Election to Purchase Shares of Dorothy Dawkins in lieu of dissolution pursuant to Mississippi Code Section 79-4-14.34 on July 28, 2009. Subsequently, shareholders Callie Drake, Virginia Hickman, Mattie Johnson, and Gillie Murry sought to intervene in this action as additional Plaintiffs also wishing to dissolve the corporation. As a result, Perry Hickman then filed an Amended Notice of Election to Purchase Shares of all Petitioning Shareholders on August 21, 2009.

On August 24, 2010, Perry Hickman and the Hickman Family Corporation filed a Motion to Determine Fair Value of Plaintiffs' Shares, to Order Sale of Shares, to Stay Proceedings, and for Entry of a Final Judgment. On September 15, 2010, Virginia Hickman filed a Motion for Summary Judgment, entitled Support Final Judgment to Dissolve the Corporation. Further, on September 27, 2010, Mattie Johnson filed a Response to Motion for Summary Judgment, which is another petition to dissolve the corporation.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is warranted under Rule 56(c) when evidence reveals no genuine dispute regarding any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. 2548. Conclusory allegations, speculation,

unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Id. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." Id.

### III. ANALYSIS AND DISCUSSION

*Relevant Statutory Framework of Mississippi Business Corporation Act*

In this case, Plaintiff Dawkins, as a shareholder, filed a petition for judicial dissolution of the Hickman Family Corporation.[1] Specifically, Plaintiff Dawkins complains of corporate misrepresentation, misappropriation of assets, and fraud by the board of directors. The Mississippi Business Corporation Act ("MBCA"), the relevant statute governing this case, sets out procedures when grounds for judicial dissolution have been alleged. Section 79-4-14.30 of the Mississippi Code states, in relevant part,

> (a) The [ ] court may dissolve a corporation: (2) In a proceeding by a shareholder if it is established that: (ii) the directors or those in control of the corporation have acted, are acting, or will act in a manner that is illegal, oppressive, or fraudulent[.]

MISS. CODE ANN. § 79-4-14.30(a)(2)(ii).

After a shareholder has requested judicial dissolution of a corporation, the MBCA offers an option to the corporation or other existing shareholders to purchase shares owned by the petitioning shareholder "in [l]ieu of [d]issolution." MISS. CODE ANN. 79-4-14.34. This election to

---

[1] The Court addresses Plaintiff Dawkins' assertion that this case does not fall within the statutory framework of the Mississippi Business Corporation Act below.

purchase shares is an unconditional statutory right under Section 79-4-14.34(a). If a shareholder files such an election to purchase shares, the corporation must, within ten days thereafter, give written notice to all other shareholders, advising the recipients of their right to join in the election to purchase. MISS. CODE ANN. 79-4-14.34(b). After such an election has been filed, the original proceeding to dissolve the corporation *may not be discontinued or settled*, and the petitioning shareholders *may not sell or otherwise dispose* of their shares. MISS. CODE ANN. 79-4-14.34(b). In this case, Perry Hickman filed an election to purchase shares in lieu of dissolution on July 28, 2009.

If the petitioning shareholders who wish to dissolve the corporation and the other shareholders who wish to purchase the shares cannot reach an agreement as to the fair value of the shares to be purchased, the court, upon application by any party, *shall stay* the proceeding to dissolve the corporation. MISS. CODE ANN. 79-4-14.34(d). The court shall then make a determination as to the fair value of the petitioner's shares as of the day before the date on which the petition to dissolve the corporation was filed or as of such other date as the court deems appropriate. MISS. CODE ANN. 79-4-14.34(d). In the present case, Perry Hickman filed a motion to stay proceedings and a motion for the court to determine the fair value of the petitioners' shares on August 24, 2010.

Since the parties are unable to reach an agreement in this case, it is this Court's duty to determine the fair value of the shares. MISS. CODE ANN. 79-4-14.34(d). Upon determining the fair value, the court shall enter an order directing the purchase upon such terms and conditions as the court deems appropriate. MISS. CODE ANN. 79-4-14.34(e). Upon the entry of this order, the court shall then dismiss the petition(s) to dissolve the corporation, and the petitioning shareholder(s) shall no longer have any rights or status as a shareholder of the corporation,

except the right to receive the amounts awarded to him or her by the court order, which is enforceable in the same manner as any other court judgment. MISS. CODE ANN. 79-4-14.34(f).

*Plaintiff's Complaint to Dissolve Falls Under the MBCA*

Plaintiff Dawkins asserts that the MBCA is not applicable in the present case. According to Plaintiff's reasoning, because she did not reference the MBCA in her Complaint, this means she "d[oes] not seek to proceed under said statute." Apparently, Plaintiff views the MBCA as an optional statutory framework that she may bypass if she so desires. Such is not the case. A corporation acquires its existence and authority to act from the state; thus, by its very nature, it is "a creature of statute." City of Picayune v. Southern Regional Corp., 916 So. 2d 510, 523 (Miss. 2005). The majority of Plaintiff's allegations[2] in her Complaint regarding why the Hickman Family Corporation should be dissolved trace the exact language of Mississippi Code Section 79-14-30(a)(2)(ii). For example, Plaintiff claims that "[s]ince the time defendant director [Perry Hickman] has acted as general manager and through the joint efforts of others under his control has caused the assets of defendant corporation to be dissipated, lost, alienated, misapplied and wasted to the detriment of other shareholders and to his primary benefit." Further, Plaintiff generally complains of fraud and "[t]hat the assets of the shareholders have been misappropriated by members of the board of directors, more specifically Defendant Perry Hickman." Plaintiff cannot get around the fact that the MBCA governs Mississippi corporations by "intentionally" omitting a reference to the MBCA in her Complaint. Thus, since Plaintiff Dawkins has filed a complaint for judicial dissolution of the Hickman Family Corporation, the

---

[2] It is noteworthy that under Federal Rule of Civil Procedure 9(b), fraud requires a heightened pleading standard. Vague allegations that fraud existed, like those stated in Plaintiff Dawkins' Complaint, do not suffice.

MBCA controls, and that statute offers the corporation or other shareholders a statutory right to purchase her shares. MISS. CODE ANN. 79-4-14.34(a).

Plaintiff Dawkins also asserts that principles of equity, and not law, control this action. The Court finds that this argument is simply another disingenuous attempt to get around the consequences under the MBCA of filing a complaint for judicial dissolution (i.e., that Plaintiff Dawkins will have to sell her shares). Further, it is an established principle that "equity must follow the law." Joel v. Joel, 43 So. 2d 424, 424 (Miss. 2010). That is, "wherever the rights or the situation of parties are clearly defined and established by law, equity has no power to change or unsettle those rights or that situation . . . ." Magniac v. Thompson, 56 U.S. (15 How.) 281, 299, 14 L. Ed. 696 (1853). Plaintiff Dawkins cannot receive equitable relief when explicit statutory principles control. See In re Estate of Smith, 891 So. 2d 811, 813 (Miss. 2005) ("courts of equity cannot modify or ignore an unambiguous statutory principle in an effort to shape relief."). Therefore, here, the MBCA controls.

Next, Plaintiff Dawkins makes the argument that equitable estoppel should prevent Perry Hickman and the Hickman Family Corporation from "aggressively pursuing a taking under Mississippi Code Annotated 79-4-14.30." Plaintiff Dawkins initially concedes in her equitable estoppel argument that her original Complaint failed to state a claim. She then makes the leap that, based on the frivolity of her own Complaint, Perry Hickman is somehow estopped from electing to purchase her shares under the MBCA.[3] The MBCA does not require that the original

---

[3] Equitable estoppel is an extraordinary remedy that should be used with caution. See B.C. Rogers Poultry, Inc. v. Wedgeworth, 911 So.2d 483, 491 (Miss. 2005). It is defined generally as "'the principle by which a party is precluded from denying any material fact, induced by his words or conduct upon which a person relied, whereby the person changed his position in such a way that injury would be suffered if such denial or contrary assertion was allowed.'" Id. at 492 (quoting Dubard v. Biloxi H.M.A., Inc., 778 So.2d 113, 114 (Miss. 2000)). The doctrine of equitable estoppel is not at issue in this action. Plaintiff Dawkins petition to

complaint seeking judicial dissolution based on fraudulent conduct be meritorious in order for another shareholder to file an election to purchase shares. Stated differently, the MBCA does not revoke the statutory right to purchase shares in lieu of dissolution solely based on the fact that the Plaintiff failed to file a complaint that stated a valid cause of action. Such a reading of the statute would in return require the corporation to actually admit fraud or other wrongdoing before it or another existing shareholder could elect to purchase the petitioning shareholder's shares. The Court finds this to be an irrational interpretation of the MBCA. Instead, once a complaint for judicial dissolution is filed under Mississippi Code Section 79-4-14.30(a)(2), Section 79-4-14.34 gives the corporation or another shareholder the unconditioned right to file an election to purchase shares in lieu of dissolution. Thus, Plaintiff's equitable estoppel argument fails.

*Summary Judgment Motions*

On August 8, 2009, Callie Drake, Virginia Hickman, Mattie Johnson, and Gillie Murry filed motions to intervene as shareholder plaintiffs in this action, each wishing to dissolve the Hickman Family Corporation. Then, in September 2010, Mattie Johnson and Virginia Hickman both filed motions wishing to withdraw as intervening Plaintiffs, with Virginia Hickman's motion also specifically "inform[ing] the Court of [her] interests to dissolve the corporation." After filing these motions to withdraw, Virginia Hickman subsequently filed a Motion for Summary Judgment, and Mattie Johnson filed a response. Virginia Hickman's summary judgment motion is actually just a petition to dissolve the corporation, and Mattie Johnson's response is not a response at all; rather, it is just yet another motion to dissolve the Hickman

---

dissolve the Hickman Family Corporation could not have originally been filed in reliance upon Defendants' *later* filed motion to dismiss, answer, and/or election to purchase shares.

Family Corporation. Therefore, the Court is treating this "response" as a separate motion for summary judgment. Both Virginia Hickman and Mattie Johnson's motions allege fraudulent conduct by the board of directors, thus invoking Mississippi Code Section 79-4-14.30(a)(2)(ii).

Under Section 79-4-14.34(d), when the parties cannot reach an agreement as to the fair value of the shares to be purchased, the court, upon application by any party, "shall" stay the proceeding to dissolve the corporation. Here, Perry Hickman filed an application to stay this proceeding; therefore, these summary judgment motions, which are just additional motions to dissolve the corporation, are denied because the proceeding to dissolve the Hickman Family Corporation is stayed until this Court determines the fair value of the shares to be purchased. Once the Court makes a final determination as to the fair value of the shares, the proceeding to dissolve the corporation "shall" be dismissed, and these petitioning shareholders "shall" no longer have any rights or status as shareholders in the corporation, except the right to receive the amounts awarded by the Court for the purchasing of their shares. MISS. CODE ANN. 79-4-14.34(f). As such, both of these motions for summary judgment are denied under Mississippi Code Section 79-4-14.34(d).

*Petitioning Shareholders and Elections to Purchase*

Under the MBCA, when the parties cannot agree as to the fair value of shares and the proceeding to dissolve the corporation is "stayed," the only thing left for the court to do, before dismissing the petition(s) to dissolve the corporation, is determine the fair value of the shares to be purchased. MISS. CODE ANN. 79-4-14.34(d), (f). However, in a case such as this with multiple parties filing numerous motions, the court must first determine who qualifies as a petitioning party in order to establish which shares are to be purchased. The original Plaintiff Dorothy Dawkins clearly qualifies. As noted above, despite the fact that Plaintiff Dawkins did not

actually wish to sell her shares when she filed a motion to dissolve the corporation, the MBCA grants shareholders such as Perry Hickman the *right* to purchase shares in lieu of dissolution. This statutory framework appears to strike a compromise between one shareholder wishing to dissolve the corporation and another shareholder wishing for the corporation to remain in existence.

Furthermore, Callie Drake, Virginia Hickman, Mattie Johnson, and Gillie Murry are all also petitioning shareholders whose shares are to be purchased. Each of these individual shareholders petitioned to intervene into this action. While on September 17, 2009, after filing a motion to intervene, Callie Drake filed a separate "motion," stating that she refused to sell her shares, she also made clear that she still wished to dissolve the Hickman Family Corporation. Additionally, while Virginia Hickman and Mattie Johnson both filed motions to withdraw as intervening Plaintiffs, they each subsequently filed motions, in the form of summary judgment, to dissolve the Hickman Family Corporation. Gillie Murry is also a petitioning shareholder and intervening Plaintiff in this action. While some of these individual shareholders might not wish to actually sell their shares, they cannot invoke the part of the MBCA that allows them to move for involuntary, judicial dissolution and circumvent the section of the MBCA that allows other existing shareholders to file an election to purchase in lieu of dissolution. Although some of the above mentioned petitioning shareholders are proceeding pro se, and thus will be granted some latitude, choosing to proceed pro se does not alone excuse ignorance of the law or keep the law from applying equally to all parties. See Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 353 (5th Cir. 1993); Peters v. United States, 9 F.3d 344, 345 (5th Cir. 1993); Sys. Signs Supplies v. United States Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990).

Under the MBCA, once an election to purchase in lieu of dissolution has been filed, the corporation is required, within ten days, to give written notice to other shareholders of their right to join in the purchasing of shares. In this case, other shareholders received such a notice. While shareholder Ruby Stennis declined to join in the election to purchase, shareholder Lee Hickman received notice and has elected to participate in the purchasing of shares. Also, both Perry Hickman and Lee Hickman filed amended elections to purchase after the intervening Plaintiffs were granted court permission to join in this action. As such, Perry Hickman and Lee Hickman have elected to purchase the shares of Plaintiff Dawkins, Callie Drake, Virginia Hickman, Mattie Johnson, and Gillie Murry.

*Determining the Fair Value of Shares*

As discussed above, the only thing left for this Court to determine is the fair value of the shares to be purchased. Perry Hickman and the Hickman Family Corporation retained a property appraiser and business valuation expert, James Koerber, to determine the fair value of the corporation, and they have provided the Court with Koerber's report and affidavit. Currently, no other party to this action has submitted any such evidence. Various parties have demanded that their shares are worth a certain price, but those numbers appear to be mere subjective values, backed up with no evidence or explanation. Based on the fact that some of the intervening Plaintiffs are pro se litigants, the Court will allow these petitioning shareholders, which again include Dorothy Dawkins, Callie Drake, Virginia Hickman, Mattie Johnson, and Gillie Murry, to retain their own property appraiser and valuation expert to offer additional evidence regarding the fair market value of their shares. These petitioning shareholders have forty-five (45) days from the date of this Memorandum Opinion and accompanying Order to present the Court with evidence regarding the value of their shares in the Hickman Family Corporation. Such

additional evidence must be provided to the Court by Monday, December 27, 2010, which is the Monday following the forty-five day period of time.  Further, the Court currently declines to address Perry Hickman and the Hickman Family Corporation's request to impose costs upon the petitioning shareholders.  The Court will address this issue when it determines the fair market value of shares in this case.

## IV. CONCLUSION

For the reasons stated above, the Court denies all summary judgment motions.  Further, the Court grants in part and abstains from addressing in part Perry Hickman and Defendant Hickman Family Corporation's Motion to Determine Fair Value of Plaintiffs' Shares, to Order Sale of Shares, to Stay Proceedings, and for Entry of a Final Judgment.  The proceeding to dissolve the Hickman Family Corporation is stayed, and the petitioning shareholders have until Monday, December 27, 2010, to offer additional evidence so that the Court may then determine the fair value of the shares to be purchased.

So ordered on this, the __10th__ day of November, 2010.

/s/ Sharion Aycock  
**UNITED STATES DISTRICT JUDGE**