IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DOROTHY DAWKINS                                                                    **PLAINTIFF**

v.                                                                       **CAUSE NO. 1:09-CV-164**

**HICKMAN FAMILY CORPORATION and**
**PERRY HICKMAN**                                                       **DEFENDANTS**

## ORDER

Before the Court is Virginia Hickman's Motion for Extension of Time [64], Dorothy Dawkins' Motion for Extension of Time [67], Mattie Johnson's Motion to Dismiss [71], and Virginia Hickman's Motion to Dismiss [72]. After reviewing these motions, responses, rules, and authorities, the Court finds as follows:

## I. BACKGROUND

On June 30, 2009, Plaintiff Dorothy Dawkins filed a Verified Complaint for Dissolution and Temporary and Preliminary Injunctive Relief against Hickman Family Corporation and Perry Hickman, in his capacity as Chairman of the Board of Directors and General Manager of the Corporation. Dawkins alleges fraudulent conduct on behalf of Perry Hickman and the board of directors, specifically stating that they have caused the Corporation's assets "to be dissipated, lost, alienated, misapplied and wasted to the detriment of the other shareholders and to his primary benefit."

Perry Hickman moved to dismiss the complaint against him in his capacity as Chairman of the Board of Directors and General Manager of the Corporation. This Court granted that motion on October 1, 2009, leaving only the Hickman Family Corporation as a

Defendant. Even though Perry Hickman was dismissed as a defendant, he remains a party to this action as he filed a Notice of Election to Purchase Shares of Dorothy Dawkins in lieu of dissolution pursuant to Mississippi Code Section 79-4-14.34 on July 28, 2009. Subsequently, shareholders Callie Drake, Virginia Hickman, Mattie Johnson, and Gillie Murry sought to intervene in this action as additional Plaintiffs also wishing to dissolve the corporation. As a result, Perry Hickman then filed an Amended Notice of Election to Purchase Shares of all Petitioning Shareholders on August 21, 2009.

On August 24, 2010, Perry Hickman and the Hickman Family Corporation filed a Motion to Determine Fair Value of Plaintiffs' Shares, to Order Sale of Shares, to Stay Proceedings, and for Entry of a Final Judgment. On September 15, 2010, Virginia Hickman filed a Motion for Summary Judgment, entitled Support Final Judgment to Dissolve the Corporation. Further, on September 27, 2010, Mattie Johnson filed a Response to Motion for Summary Judgment, which was another petition to dissolve the corporation.

On November 10, 2010, the Court entered an Order denying all motions for summary judgment, and granting in part Perry Hickman and the Hickman Family Corporation's Motion to Determine Fair Value of Plaintiffs' Shares, to Order Sale of Shares, to Stay Proceedings, and for Entry of a Final Judgment [62]. The Court stayed the proceeding to dissolve the Hickman Family Corporation, and offered the petitioning shareholders forty-five days to offer any additional evidence to the Court regarding the valuation of their shares.

This forty-five day deadline passed on December 27, 2010. Not a single petitioning shareholder provided additional evidence regarding the value of their shares, requested the Court appoint a business valuation expert, or filed a motion for extension of time. However,

on January 11, 2011, Virginia Hickman filed a motion seeking an extension of time in the amount of sixty days, and on January 28, 2011, Dorothy Dawkins filed a separate motion also seeking an extension of time in the amount of forty-five days. Perry Hickman and the Hickman Family Corporation oppose both motions for extension.

## II. ANALYSIS AND DISCUSSION

### A. *Virginia Hickman's Motion for Extension of Time*

Virginia Hickman seeks an extension of time "to seek legal advice and assistance on share value concerns due to . . . [an] inability to locate corporate legal assistance around the Holidays." In the Court's prior Order, it did not grant the petitioning shareholders an additional forty-five days to seek legal counsel; instead, the Court granted the petitioning shareholders additional time to provide the Court with evidence, or at least to designate to the Court a business valuation expert. From the time that Ms. Hickman intervened in this action in 2009, she and the other petitioning shareholders in this case have repeatedly been advised to seek legal counsel. In fact, during the case management conference on August 25, 2010, the Magistrate Judge strongly advised all the pro se petitioners to obtain counsel. Further, Ms. Hickman contends that she was unable to obtain counsel or present the Court with evidence due to "the Holidays." However, this Court's entered its order providing the petitioners with additional time on November 11, 2010, and only its final date coincided with the holidays. Thus, waiting until the last possible moment to attempt to apply with the Court's order is not good cause for an extension of time.

More importantly, Ms. Hickman fails to provide the Court with any indication that she actually intends to produce any evidence. Instead, she once again provides the Court with

blanket, unsupported numbers as to what she believes her shares are worth. Further, she states that "Greg of Sirmon & Associates informed me on January 5, 2011 that the Total Appraised Value of Land and Merchantable Timber is $349,600." The Court first has no evidence of this conversation between "Greg" and Ms. Hickman. Second, Ms. Hickman once again focuses solely on the value of the land and the timber. However, in this action regarding the sale of shares, the Court must focus on the *value of the shares*, not the value of the actual land or the timber. Ms. Hickman simply fails to provide the Court with sufficient reasoning as to why she should be granted an additional extension of time. The Court's prior Order granting the petitioning shareholders an additional forty-five days was in essence a sua sponte grant of an extension of time. Ms. Hickman has been on notice since 2009 that she should seek legal counsel, and she has been on notice since August 24, 2010, that her shares were to be sold. Accordingly, the Court finds that Ms. Hickman's untimely Motion for Extension should be denied.

  B. *Dorothy Dawkins' Motion for Extension of Time*

  Dorothy Dawkins, the single petitioning shareholder represented by counsel, also seeks an additional extension of time in the amount of forty-five days to "obtain an appraisal of the land." Like Ms. Hickman, this Court also previously granted Ms. Dawkins forty-five additional days to provide the Court with evidence, or at least to designate a business valuation expert to the Court. Ms. Dawkins failed to file anything with the Court during that time. Now, over a month after the forty-five day time period passed, Ms. Dawkins seeks an extension. While the Court is sympathetic to the fact that Ms. Dawkins' counsel was "ill during the relevant time period," Ms. Dawkins, and her counsel, have both been on notice

since August 24, 2010, that her shares in the Hickman Family Corporation were to be sold. Thus, the relevant time period began running in August of 2010, and, as noted above, the Court's prior Order granting the petitioning shareholders an additional forty-five days was in essence a sua sponte grant of an extension of time.

Most relevant to the Court's decision to deny Ms. Dawkins' untimely request for additional time is the fact that she has *still* not yet hired a business valuation expert or even asked the Court to designate one. Thus, the Court has no indication that she would even do so if her request were granted. Instead, Ms. Dawkins again merely asserts that the Defendant's valuation of shares is incorrect. However, such allegations are baseless without evidentiary support. Accordingly, Ms. Dawkins' Motion for Extension is denied.

<u>*C. Motions to Dismiss*</u>

Mattie Johnson and Virginia Hickman have both also filed motions to dismiss this case. Mattie Johnson contends that the case should be "thrown out" because "[she] feel[s] the appraisal of $349.00 was omitted intentionally. It should have been done right the First time, Document 69 pages 1-6 sound like misleading to me." Virginia Hickman asserts this case should be dismissed because of the "Surreptitious ACTIONS of the Defendants." Hickman and Johnson both aver that the actions of Perry Hickman and the Hickman Family Corporation are "surreptitious" because of alleged problems with the valuation report prepared by business valuation expert James Koerber. Koerber's report was provided to the Court by Perry Hickman and the Hickman Family Corporation. It is the single only piece of evidence regarding the valuation of shares provided to the Court by any of the parties.

5

If Virginia Hickman and Mattie Johnson disagree with Koerber's report, they had ample time, specifically since August 2010, to either (a) obtain their own valuation expert, or (b) designate a valuation expert to the Court or even simply request the Court to appoint such an appraiser. This was the course of action that should have been taken to refute Koerber's report. Dismissal based solely on disagreements in the evidence provided to the Court is not proper. Further, as expressly stated in the Court's prior Order [62] denying summary judgment, the proceeding to dissolve the Hickman Family Corporation has been *stayed*.

The Mississippi Business Corporation Act explicitly provides, in unequivocal language, that if the petitioning shareholders who wish to dissolve the corporation and the other shareholders who wish to purchase the shares cannot reach an agreement as to the fair value of the shares to be purchased, the court, upon application by any party, *shall stay* the proceeding to dissolve. MISS. CODE ANN. 79-4-14.34(d). The court shall then make a determination as to the fair value of the petitioner's shares as of the day before the date on which the petition to dissolve the corporation was filed or as of such other date as the court deems appropriate. MISS. CODE ANN. 79-4-14.34(d). As such, the only issue left for the Court to determine in this action is the fair value of the petitioners' shares. Accordingly, Mattie Johnson and Virginia Hickman's motions to dismiss are denied.

### III. CONCLUSION

For the reasons stated above, Virginia Hickman and Dorothy Dawkins' motions for extension of time are DENIED. Further, Virginia Hickman and Mattie Johnson's motions to dismiss are DENIED.

So ordered on this, the  25th   day of February, 2011.


                                               **/s/ Sharion Aycock**
                                        **UNITED STATES DISTRICT JUDGE**